Dear Mr. Litchfield:
In your capacity as counsel for the Hon. Jon A. Gegenheimer, Jefferson Parish Clerk of Court ("Clerk of Court"), you ask this office for an opinion on the source of funds for payment of juror compensation under La.R.S. 13:3049.1 for jurors who were summoned to appear for jury service on a day for which only a single jury trial was scheduled, but were not selected for the petit jury for that trial.
You provide the following facts to our office for consideration: A jury trial was scheduled to begin on January 11, 2010 in the matter entitled Warren Lester, et al. v. Exxon MobilCorporation, et al., No. 630,402 on the docket of the Twenty Fourth Judicial District Court for the Parish of Jefferson ("24th JDC"). One thousand prospective jurors were summoned to report for jury service for the term commencing January 8, 2010, by virtue of a standard summons. The trial of the Lester proceedings was the only trial scheduled to begin jury selection on January 8, 2010. The only trial for which the potential jurors summoned for January 8, 2010 could have been selected was therefore the trial of the Lester
case. Nevertheless, the jurors were summoned in the same manner as any other citizen would be summoned to serve in the central jury pool as a prospective juror.
Louisiana Revised Statutes 13:3049.1, enacted in 2007, governs the compensation of persons summoned for jury duty for the 24th JDC, and directs that all such persons shall be compensated twenty-five dollars per day plus mileage. La.R.S. 13:3049.1(B). The statute further specifies the source of funds for jury compensation:
 C. (1) The compensation of all persons attending pursuant to summons for jury service as well as selected jurors in criminal matters shall be paid from the criminal court fund as provided in Subsection D of this Section. (2) Except as provided by special law, the compensation for all petit jurors selected in civil cases who attend and complete their jury service shall be *Page 2 
paid from the jury costs collected in the civil case in accordance with Subsection E of this Section.
 ***
La.R.S. 13:3049.1(C). According to the statute, persons who serve on a criminal jury and those who report for jury duty but are not selected to a petit jury are compensated from the criminal court fund. La.R.S. 13:3049.1 (C)(1). Those persons who are selected to serve on a civil petit jury are compensated from the jury costs collected in that particular civil proceeding. La.R.S. 13:3049.1(C)(2).
We understand that the administrator of the criminal court fund is of the opinion that the jurors who were summoned for January 8, 2010 but were not selected to serve on the jury for the Lester case should be compensated from the jury costs collected in that civil proceeding. This position is apparently based on the fact that there was only one jury trial scheduled to begin jury selection on January 8, 2010, so the potential jurors were effectively summoned for jury service for that particular civil trial. Nevertheless, the payment of persons summoned for jury service from the criminal court fund in accordance with La.R.S. 13:3049.1(C)(1) is not contingent on there being more than one jury trial selecting jurors from the central pool. The statute clearly states that the only persons who are compensated from the jury costs collected in a civil proceeding are those jurors, including alternate jurors, [1] actually selected to serve on the petit jury of the trial of that particular matter. La.R.S. 13:3049.1(C)(2).
It is the opinion of this office that the potential jurors who were summoned to appear for jury service in the 24th
JDC for the term of January 8, 2010, but who were not selected to serve on the petit jury for the only trial scheduled to begin jury selection for that term, should be compensated from the criminal court fund in accordance with La.R.S. 13:3049.1(C)(1).
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please contact our office. *Page 3 
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:____________________ Charles W. Belsom, Jr. Assistant Attorney General
 JDC:CWB:lrs
[1] Alternate jurors are compensated in the same manner and from the same source of funds as those selected to be jurors. La.R.S. 13:3049.1(C)(3).